IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In re )
)
BRIAN PAUL LANG and ) Case No. 11-21088
HEATHER ROSE LANG, ) Chapter 13
)
Debtors. )

FILED

3:10 pm, 2/14/12

Tim J. Ellis
Clerk of Court

## MEMORANDUM OPINION DENYING CONFIRMATION OF THE AMENDED CHAPTER 13 PLAN DATED DECEMBER 12, 2011, WITHOUT PREJUDICE

On February 8, 2012, this matter came before the court for an evidentiary hearing on the confirmation of the Amended Chapter 13 Plan dated December 12, 2011 ("Amended Plan") filed by Brian and Heather Lang ("Debtors") and the objection filed by the Standing Chapter 13 Trustee, Mark Stewart ("Trustee"). The Debtors were represented by Bret Allred. The Trustee represented himself. At the conclusion of the hearing, the court took the matter under advisement. Having reviewed the record, testimony, evidence and applicable law, the court shall deny, without prejudice, confirmation of the Amended Plan.

Debtors filed their Chapter 13 bankruptcy petition on October 4, 2011. The court denied confirmation of the initial plan on December 15, 2011 as Debtors indicated they had filed an amended plan to address the objections. The trustee objects to confirmation of the Amended Plan, alleging: (1) the plan is not feasible as there appears to be a mathematical error that makes the Amended Plan deficient by $3,560.84 and unable to pay as proposed; (2) the Debtors do not propose to pay all of their projected monthly

disposable income to unsecured creditors; and, (3) Debtors improperly claim a deduction for the expense of a third vehicle as a special circumstance.

**Facts**

Debtors have three motor vehicles: (1) 1982 motor home; (2) 2003 Ford Van ("Van"); and, (3) a 2006 Impala. The Van is encumbered by a lien. The other two vehicles are free and clear of liens.

The Debtors testified that they need reliable transportation for Mr. Lang. He travels approximately once a month for work to Billings, Montana or to farmers' fields to inspect produce. He also needs a vehicle to transport the Debtors' children, to get to work and for other personal use. At the time of the hearing there were two licensed drivers in the family. The Debtors' 15 year old daughter has a "learner's permit." The Debtors testified that they will need a third vehicle for their daughter when she turns 16 years old and obtains her regular driver's license as she would need transportation for school sports and other activities.

The Debtors' testimony reflects that at the time of the hearing, Mrs. Lang was driving the Impala. The Van was inoperable as it needed repairs including: brakes, an alternator, and possibly a new transmission. Mrs. Lang testified that once the Van was repaired, she would drive it, leaving the Impala available for their daughter. Mr. Lang testified that he obtained an estimate reflecting that it would cost approximately $200.00 to repair the brakes on the Van. However, neither Debtor obtained an estimate for the repair of the Van's alternator or transmission.

Mr. Lang drives a 2007 Dodge Ram ("Truck") that is owned by Mrs. Lang's mother. The Debtors testified that because they were unable to get financing, Mrs. Lang's mother purchased the Truck. The Debtors pay the monthly payment, insurance, and maintance for the vehicle. On Form 22C, Line 57 Debtors deduct an amount of $525.58 as a special circumstance, described as:

> "Use payment for second reliable Vehicle purchased by Co-Debtor's mother because debtors were not able to get financing for a vehicle ($595 per month for the next 53 months)."

**Discussion**

(1)    Feasibility

The Trustee alleges, that per his calculations the Amended Plan will not pay as proposed. The Debtors have the burden of proof to establish an entitlement to confirmation of their plan. The Debtors did not provide any testimony or evidence regarding the mathematical calculation in response to the Trustee's objection. This is fatal to the confirmation of the plan. The mathematical calculations of a plan must be correct before the court may confirm. Therefore, for this reason alone, confirmation of the Amended Plan must be denied.

(2)    Debtors do not propose to pay all of their projected monthly disposable income to non-priority unsecured creditors

If the trustee objects to confirmation of the plan, the court may not approve the plan unless, as of the effective date of the plan, the plan provides that all the debtor's projected disposable income to be received during the term of the plan

will be applied to make payments to unsecured creditors under the plan.[1]

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 defined "current monthly income" as the debtor's actual income, from all sources, except social security and certain victim payments, received during the six months prior to filing. Form 22C is used to calculate "current monthly income," to determine whether the income is above or below the applicable median income, and, if so, to calculate disposable income. The United States Supreme Court held that a court calculating "projected disposable income" should begin with the "presumption" that the figure yielded by the mechanical approach was correct, but that the figure could be rebutted by evidence of substantial changes in debtor's circumstances that are known or virtually certain.[2]

To overrule a trustee's objection to confirmation of a plan because the monthly income to be paid into the plan is not equal to the monthly disposable income reported on Form 22C, the court must find there has been a change in circumstances, documented in a manner similar to that specified by 11 U.S.C. §707(b)(2)(B)(ii). The Debtor, as the proponent of a plan, has the ultimate burden of proof to show that a proposed plan satisfies the projected disposable income requirement for confirmation.

The "special circumstances" provision is a financial condition that justifies

---

[1] 11 U.S.C. § 1325(b)(1)

[2] *In re Lanning*, 130 S.Ct. 2464 (2010).

including an additional expense or reducing income for which there is no reasonable alternative.[3] The two examples of special circumstances, cited in the Bankruptcy Code[4] are not the only circumstances that the debtor may rely, not even archetype circumstances.[5]

A debtor seeking to establish special circumstances must comply with the procedural requirements of §707(b)(2)(B)(ii) and (iii) which require: (1) the debtor shall itemize each additional expense or adjustment of income; (2) provide documentation for such expense or adjustment to income; and (3) provide a detailed explanation of the special circumstances that make such expense or adjustment to income necessary and reasonable.[6] The Debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required. The debtor has the burden of proof to show special circumstances that justify additional expenses or adjustments of their current monthly income for which there is no reasonable alternative.

The court finds that the special circumstance deduction does not apply to the Debtors. Debtors have other reasonable alternatives. First, the Debtors rightfully claim an ownership expense on Line 28 of their Amended Chapter 13

---

[3] *In re Jackson*, Case No. 07-21717, 2008 Bankr. LEXIS 3679 (Bankr. D. Kan., Dec. 5, 2008).

[4] 11 U.S.C. §707(b)(2)(B).

[5] *In re Robinette*, No. 7-06-10585, 2007 Bankr. LEXIS 3523, (D. N.M., Oct. 2, 2007).

[6] *Jackson* at 7.

Statement of Current Monthly Income and Calculations of Commitment Period and Disposable Income ("Amended Form 22C") for the Van. The Trustee agreed that the Debtors were entitled to this deduction. Although the Debtors are entitled to this deduction under the Means Test, their actual payment on the Van after "cram down" will be approximately $80.00[7] a month through the plan during the applicable commitment period. The debtors realize a deduction of over $400.00, but do not have that actual expense. This means that the debtors have more disposable income available.

Additionally, the Debtors are entitled to deduct the "transportation" expense on Form 22C, Line 27A for the "expenses of operating a vehicle" for two vehicles in the amount of $472.00. The Van is one of the two vehicles owned by the Debtors and its repair costs could be paid from the funds that the Debtors are allowed through deduction. Alternatively, the Debtors have a mobile home that, if necessary, may be sold and the proceeds used to make the necessary repairs on the Van.

The court finds that the Debtors have options that they could exercise to pay for the repairs to the Van and would still provide them two vehicles, the Impala and the Van. The privilege of providing their daughter a vehicle or paying for a vehicle that is not titled in their name should not be allowed when it is to the

---

[7] The Trustee asserts that the Debtors' calculation of the interest on the amount of the "cram-down" payment is the contributing factor to the mathematical calculation that he based his objection regarding the plan's feasibility.

Page 6

detriment of the Debtors' creditors. The court denies the special circumstance deduction.

Based upon the disallowance of the Debtors' special circumstance deduction, the court finds that the Debtors are not paying all of their projected disposable income to non-priority unsecured creditors. The Trustee's objection is sustained. The Debtors' Amended Chapter 13 Plan dated December 12, 2011 cannot be confirmed.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this ___14___ day of February, 2012

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
  Bret Allred
  Mark Stewart